# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
BRAUN, ZAIDA M § Case No. 11-27674
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $ ___

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1] $ ___

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Peter N. Metrou, Trustee_____
                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1
Exhibit A

| Case No: | 11-27674 BWB | Judge: BRUCE W. BLACK | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|
| Case Name: | BRAUN, ZAIDA M | | Date Filed (f) or Converted (c): | 07/01/11 (f) |
| | | | 341(a) Meeting Date: | 08/04/11 |
| For Period Ending: | 03/31/15 | | Claims Bar Date: | 02/03/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Savings Acct | 7.00 | 0.00 | | 0.00 | FA |
| 2. SECURITY DEPOSITS | 1,250.00 | 0.00 | | 0.00 | FA |
| 3. HOUSEHOLD GOODS | 1,000.00 | 0.00 | | 0.00 | FA |
| 4. BOOKS/COLLECTIBLES | 100.00 | 0.00 | | 0.00 | FA |
| 5. WEARING APPAREL | 200.00 | 0.00 | | 0.00 | FA |
| 6. FURS AND JEWELRY | 100.00 | 0.00 | | 0.00 | FA |
| 7. INSURANCE POLICIES | 0.00 | 0.00 | | 0.00 | FA |
| 8. Wrongful Death Suit | Unknown | 0.00 | | 5,707.67 | FA |
| 9. VEHICLES       2001 Chevrolet Cavalier | 750.00 | 0.00 | | 0.00 | FA |
| 10. ANIMALS | 0.00 | 0.00 | | 0.00 | FA |

| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $3,407.00 | $0.00 | | $5,707.67 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee Berland case -Successor Trustee- receipt from wrongful death case - claims reviewed ready for TFR

From prior Trustee:
The Trustee has employed special counsel to prosecute a nursing home case. The trustee deposited the debtor's share of
the proceeds from wrongful death action brought by family members. Case reassigned to new trustee on September 24, 2014.

Initial Projected Date of Final Report (TFR): 12/01/15      Current Projected Date of Final Report (TFR): 12/01/15

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 11-27674 -BWB | | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|
| Case Name: | BRAUN, ZAIDA M | | Bank Name: | Associated Bank |
| | | | Account Number / CD #: | *******5173 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******1641 | | | |
| For Period Ending: | 03/31/15 | | Blanket Bond (per case limit): | $ 1,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 10/10/14 | | Michael G. Berland<br>1 North LaSalle Street<br>Ste 1775<br>Chicago, IL 60602 | Transfer of funds- wrongful death $ | 9999-000 | 5,707.67 | | 5,707.67 |
| 11/07/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,697.67 |
| 12/05/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,687.67 |
| 01/08/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,677.67 |
| 02/06/15 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 10.00 | 5,667.67 |
| 03/19/15 | 005001 | ADAMS LEVINE<br>SURETY BOND AGENCY<br>60 EAST 42ND STREET, ROOM 965<br>NEW YORK, NY 10165 | BOND PREMIUM<br>BOND# 10BSBGR6291 | 2300-000 | | 5.49 | 5,662.18 |

| | | | | | |
|---|---|---|---|---|---|
| Memo Allocation Receipts: | 0.00 | COLUMN TOTALS | | 5,707.67 | 45.49 | 5,662.18 |
| Memo Allocation Disbursements: | 0.00 | Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| | | Subtotal | | 5,707.67 | 45.49 | |
| Memo Allocation Net: | 0.00 | Less: Payments to Debtors | | | 0.00 | |
| | | Net | | 5,707.67 | 45.49 | |

Page Subtotals 5,707.67 45.49

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 2

Exhibit B

| Case No: | 11-27674 -BWB | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|
| Case Name: | BRAUN, ZAIDA M | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******1174 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******1641 | | |
| For Period Ending: | 03/31/15 | Blanket Bond (per case limit): | $ 1,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 09/22/14 | 8 | Dvorak & Kelleher | Wrongful death litigation proceeeds | | 5,707.67 | | 5,707.67 |
| | | DVORAK & KELLIHER, LTD | Memo Amount:   ( 1,879.00 ) | 3210-000 | | | |
| | | | Atty fees/exp to remove Zaida Braun | | | | |
| | | | Memo Amount:   17,000.00 | 1229-000 | | | |
| | | | Inheritance | | | | |
| | | HORWITZ, HORWITZ & ASSOCIATES | Memo Amount:   ( 5,666.67 ) | 3210-000 | | | |
| | | | Atty fees | | | | |
| | | HORWITZ, HORWITZ & ASSOCAITES | Memo Amount:   ( 1,896.06 ) | 3220-000 | | | |
| | | | Atty exp | | | | |
| | | | Memo Amount:   ( 624.77 ) | 4210-000 | | | |
| | | | Lien payment | | | | |
| | | | Memo Amount:   ( 77.00 ) | 3992-000 | | | |
| | | | Estate Bond Fee | | | | |
| | | | Memo Amount:   ( 1,015.50 ) | 4210-000 | | | |
| | | | Funeral Expense | | | | |
| | | DVORAK & KELLIHER, LTD. | Memo Amount:   ( 133.33 ) | 3701-000 | | | |
| | | | Probate Atty Fee | | | | |
| 09/29/14 | 001001 | Peter Matrou, Trustee of Braun | Transfer of all funds to successor trustee | 9999-000 | | 5,707.67 | 0.00 |
| | | | Peter Metrou was appointed successor trustee when Michael Berland resigned. | | | | |

Page Subtotals  5,707.67  5,707.67

FORM 2

Page: 3

Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| Case No: | 11-27674 -BWB |
| Case Name: | BRAUN, ZAIDA M |
| Taxpayer ID No: | *******1641 |
| For Period Ending: | 03/31/15 |

| | |
|---|---|
| Trustee Name: | Peter N. Metrou, Trustee |
| Bank Name: | Congressional Bank |
| Account Number / CD #: | *******1174 Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 1,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

|  |  |  |  |  |
|---|---|---|---|---|
| Memo Allocation Receipts: | 17,000.00 | COLUMN TOTALS | 5,707.67 | 5,707.67 | 0.00 |
| Memo Allocation Disbursements: | 11,292.33 | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| | | Subtotal | 5,707.67 | 5,707.67 | |
| Memo Allocation Net: | 5,707.67 | Less: Payments to Debtors | | 0.00 | |
| | | Net | 5,707.67 | 5,707.67 | |

| | | | | NET | ACCOUNT |
| | | | | DISBURSEMENTS | BALANCE |
| Total Allocation Receipts: | 17,000.00 | TOTAL - ALL ACCOUNTS | NET DEPOSITS | | |
| Total Allocation Disbursements: | 11,292.33 | Checking Account (Non-Interest Earn - ********5173 | 5,707.67 | 45.49 | 5,662.18 |
| | | Checking Account (Non-Interest Earn - ********1174 | 5,707.67 | 5,707.67 | 0.00 |
| Total Memo Allocation Net: | 5,707.67 | | ----------------------- | ----------------------- | ----------------------- |
| | | | 11,415.34 | 5,753.16 | 5,662.18 |
| | | | ============= | ============= | ============= |
| | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 0.00 0.00

ANALYSIS OF CLAIMS REGISTER
EX C

CASE NO:                 11-27674-BWB
CASE NAME:               BRAUN, ZAIDA M
CLAIMS BAR DATE:         02/03/12
CLAIMS REVIEWED BY:      Peter N. Metrou, Trustee

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
|  | Peter N. Metrou, Trustee<br>123 W. Washington Street<br>Suite 216<br>Oswego, IL  60543 | Administrative |  | 0.00 | 1,008.03 | 1,008.03 |
|  | Peter N. Metrou, Trustee<br>123 W. Washington Street<br>Suite 216<br>Oswego, IL  60543 | Administrative |  | 0.00 | 31.96 | 31.96 |
|  |  |  | Subtotal for Class Administrative | 0.00 | 1,039.99 | 1,039.99 |
| 999<br>8200-00<br>Surplus Funds Paid to Debtor | ZAIDA M BRAUN | Unsecured |  | 0.00 | 0.00 | 1,675.56 |
| 000001<br>070<br>7100-00<br>General Unsecured 726(a)(2) | Atlas Acquisitions LLC<br>(HSBC Bank Nevada, N.A.)<br>(Carsons)<br>294 Union St.<br>Hackensack, NJ 07601 | Unsecured | (1-1) Modified to Correct Creditor's Name (11/09/2011) TRM | 0.00 | 643.15 | 643.15 |
| 000002<br>070<br>7100-00<br>General Unsecured 726(a)(2) | Rock Valley Federal Credit Union<br>1201 Clifford Ave.<br>Loves Park, IL 61111 | Unsecured |  | 0.00 | 636.18 | 636.18 |
| 000003<br>070<br>7100-00<br>General Unsecured 726(a)(2) | VERIZON WIRELESS<br>PO BOX 3397<br>BLOOMINGTON, IL 61702-3397 | Unsecured | (3-1) 9624 | 0.00 | 141.51 | 141.51 |

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000004<br>070<br>7100-00<br>General<br>Unsecured<br>726(a)(2) | Portfolio Recovery Associates, LLC<br>c/o Ameritech/Near Prime<br>POB 41067<br>Norfolk VA 23541 | Unsecured | | 0.00 | 1,504.91 | 1,504.91 |
| | | Subtotal for Class Unsecured | | 0.00 | 2,925.75 | 4,601.31 |
| | | Case Totals: | | 0.00 | 3,965.74 | 5,641.30 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-27674  
Case Name: BRAUN, ZAIDA M  
Trustee Name: Peter N. Metrou, Trustee

      Balance on hand        $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou, Trustee | $ | $ | $ |
| Trustee Expenses: Peter N. Metrou, Trustee | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____  
    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Atlas Acquisitions LLC | $ | $ | $ |
| 000002 | Rock Valley Federal Credit Union | $ | $ | $ |
| 000003 | VERIZON WIRELESS | $ | $ | $ |
| 000004 | Portfolio Recovery Associates, LLC | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance                                         $_____

Tardily filed claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be          percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $          have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be          percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

   To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of      % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $        . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

   The amount of surplus returned to the debtor after payment of all claims and interest is $              .